**FEI LI, Petitioner,**

v.

**Eric H. HOLDER, Jr.,[1] Attorney General, Respondent.**

**No. 08–2125–ag.**

United States Court of Appeals, Second Circuit.

Aug. 21, 2009.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

G. Victoria Calle, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Ernesto Molina, Assistant Director; Sheri R. Glaser, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: JON O. NEWMAN, REENA RAGGI, PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Fei Li, a native and citizen of the People's Republic of China, seeks review of an April 4, 2008 order of the BIA, affirming the April 19, 2006 decision of Immigration Judge ("IJ") Elizabeth A. Lamb, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Fei Li*, No. A98 593 688 (B.I.A. Apr. 4, 2008), *aff'g* No. A98 593 688 (Immig. Ct. N.Y. City Apr. 19, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

"Where, as here, the BIA adopts the IJ's reasoning and offers additional commentary, we review the decision of the IJ as supplemented by the BIA." *Wala v. Mukasey*, 511 F.3d 102, 105 (2d Cir.2007). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B). When evaluating credibility determinations for substantial evidence, we afford "particular deference" to the IJ, *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165–66 (2d Cir.2008)

(citation omitted), including the IJ's "assessment of demeanor," *Niang v. Mukasey*, 511 F.3d 138, 145 (2d Cir.2007). "We will vacate and remand for new findings, however, if the agency's reasoning or its factfinding process was sufficiently flawed." *Xiao Kui Lin v. Mukasey*, 553 F.3d 217, 220 (2d Cir.2009). "[W]e need not remand if doing so would be futile, that is, if we can predict with confidence that the agency would reach the same result even absent [ ] errors." *Id.* at 222.

Substantial evidence supports the IJ's adverse credibility determination. The IJ reasonably relied on inconsistencies and omissions in the record. For example, during cross-examination, Li stated that his mother told him that cadres were no longer looking for him even after he fled to the United States. However, his uncle's affidavit indicated that cadres were still looking for him since he left China. Although Li argues that the IJ erred in relying on this discrepancy because she did not give him an opportunity to explain, the IJ was not required to allow Li an opportunity to proffer an explanation. *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005); *see also Liang Chen v. U.S. Att'y Gen.*, 454 F.3d 103, 106–07 (2d Cir. 2006). The IJ further relied on Li's failure to testify consistently with his asylum application. While Li claimed in his application that cadres went to his mother's home to arrest him the day after his uncle was arrested, and they told her that he needed to report to them immediately, he omitted this information from his testimony. The IJ properly relied on this discrepancy in making her adverse credibility determination. *See Liang Chen*, 454 F.3d at 106–07. The discrepancies the IJ identified constitute substantial evidence supporting her adverse credibility determination. 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia*

*Lin,* 534 F.3d at 165–66; *see Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006).

The BIA, however, relied on an additional reason when it affirmed the IJ's adverse credibility finding. The BIA stated that the IJ's "observation that [Li] appeared to have 'memorized part of the story' is tantamount to an assessment of [Li's] demeanor." The IJ did not make any observation about Li's demeanor; rather, without qualifying or explaining what she meant, the IJ noted that Li was "unable to testify" about certain facts. *Compare, e.g., Majidi,* 430 F.3d at 79(the IJ expressly found that the petitioner's demeanor was "extremely unresponsive and evasive"). The record demonstrates, and the IJ found, that Li "specifically testified" to some facts, but not to others. Thus, it was the lack of testimony about certain facts, coupled with the inconsistencies discussed above, and not Li's demeanor, that formed the basis for the IJ's adverse credibility finding.

"Demeanor" [2] is conduct, not speech; it is a manner of speaking, not the content of speech. Where, as here, the IJ only analyzed the petitioner's testimony, i.e. statements made or omitted, their specificity and consistency, and did not report observations of the petitioner's conduct or manner of speaking, it cannot be said that the IJ made an assessment of "demeanor." Although the BIA erred when it concluded that the IJ's observation that Li appeared to have "memorized part of the story" was tantamount to an assessment of his demeanor, the error is not material because we find that the ground upon which the IJ relied most substantially in finding adverse credibility, adopted by the BIA, is free of

error. We conclude that the same decision is inevitable on remand; thus any remand would be futile. *See Yuanliang Liu v. Dep't of Justice,* 455 F.3d 106, 111 n. 1 (2d Cir.2006).

Because Li based his claims for withholding of removal and CAT relief on the same factual predicate as his asylum claim, those claims necessarily fail. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

---

2. "demeanor. Outward appearance or behavior, such as facial expressions, tone of voice, gestures, and the hesitation or readi-

---

ness to answer questions." BLACK LAW'S DICTIONARY 463 (8th Ed.2004).

